**Filed Electronically**
MARK K. SCHONFELD
REGIONAL DIRECTOR

Attorney for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York  10281-1022
(212) 336-0077 (Gizzi)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION,       :
:
                    Plaintiff,       :       08 CV 3324 (RWS)
:
      - against -       :       ECF Case
:
PENTAGON CAPITAL MANAGEMENT PLC and       :
LEWIS CHESTER,       :
:
                    Defendants,       :
:
      - and -       :
:
PENTAGON SPECIAL PURPOSE FUND, LTD.,       :
:
                  Relief Defendant.       :
:
------------------------------------------------------------------------x

## WAIVER OF SERVICE – EXECUTED

      The plaintiff Securities and Exchange Commission respectfully submits the attached Waiver of Service of Summons executed April 7, 2008 by defendant Lewis Chester on behalf of himself and defendant Pentagon Capital Management PLC and relief defendant Pentagon Special Purpose Fund, Ltd.

2

Dated: New York, NY
May 5, 2008

s/
_____
Paul G. Gizzi

Attorney for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York  10281-1022
(212) 336-0077
(212) 336-1317 (fax)
Email: gizzip@sec.gov

CERTIFICATE OF SERVICE

I certify that on May 5, 2008 I electronically filed the foregoing Waiver of Service – Executed and attachment with the Clerk of this court using the CM/ECF system, and I am relying upon the transmission of the Clerk's Notice of Electronic Filing for service upon the following Filing Users in this matter:

    Frank C. Razzano, Esq.
    Ivan B. Knauer, Esq.
    Pepper Hamilton LLP
    Hamilton Square
    600 Fourteenth Street NW
    Washington, DC  20005-2004
    razzanof@pepperlaw.com
    knaueri@pepperlaw.com

    Counsel for Pentagon Capital Management PLC,
    Lewis Chester, and Pentagon Special Purpose Fund, Ltd.

    s/
    _____
    Paul G. Gizzi

## WAIVER OF SERVICE OF SUMMONS

TO:   Paul G. Gizzi, Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, New York, New York 10281

I acknowledge receipt of your request that I waive service of a summons in the action of SEC v. Pentagon Capital Management PLC, which is case number 08 CV 3324 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I and the entities on whose behalf I am acting (Pentagon Capital Management PLC and Pentagon Special Purpose Fund, Ltd.) be served with judicial process in the manner provided by Rule 4.

I and the entities on whose behalf I am acting (Pentagon Capital Management PLC and Pentagon Special Purpose Fund, Ltd.) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me or the parties on whose behalf I am acting (Pentagon Capital Management PLC and Pentagon Special Purpose Fund, Ltd.) if an answer or motion under Rule 12 is not served upon you within 90 days after April 4, 2008.

7/4/08
Date

Signature
Printed/typed name: Lewis Chester
{ as }
{ of }

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections