UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

   -against-                      08 Civ. 3324

PENTAGON CAPITAL MANAGEMENT PLC and        OPINION
LEWIS CHESTER,

               Defendants,

   -and-

PENTAGON SPECIAL PURPOSE FUND, LTD.,

             Relief Defendant.

----------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        SECURITIES AND EXCHANGE COMMISSION
        New York Regional Office
        3 World Financial Center, Suite 400
        New York, NY  10281
        By:  George S. Canellos, Esq.

        Attorneys for Defendants

        PEPPER HAMILTON LLP
        HAMILTON SQUARE
        600 Fourteenth Street, N.W.
        Washington, DC  10005
        By:  Frank C. Razzano, Esq.
            Ivan B. Knauer, Esq.
            Matthew D. Foster, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3 17 10

**Sweet, D.J.**

Defendants Pentagon Capital Management PLC
("Pentagon"), Lewis Chester ("Chester") and relief
defendant Pentagon Special Purpose Fund, Ltd.
(collectively, the "Defendants") have moved in limine
pursuant to Rule 803(8)(C), Fed. R. Evid., to admit into
evidence certain Orders Instituting Proceedings ("OIPs")
resolving proceedings brought by the plaintiff U.S.
Securities and Exchange Commission ("SEC" or the
"Commission" or the "Plaintiff").  For the reasons set
forth below, the motion is granted.

**Prior Proceedings**

This action was commenced by the SEC on April 3,
2008.  The amended complaint was filed September 9, 2008
alleging that United Kingdom-based hedge fund adviser
Pentagon and its principal, Chester, orchestrated a scheme
to defraud United States mutual funds and their investors
through late trading and deceptive market timing, violating
Section 17(a) of the Securities Act of 1933 ("Securities
Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities
Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b),

1

and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder
(collectively, the "antifraud provisions"). In the
alternative, the amended complaint alleges that Pentagon
and Chester aided and abetted violations of Section 10(b)
of the Exchange Act and Rule 10b-5 by United States broker-
dealers' and their registered representatives.

The instant motion was heard and marked fully
submitted on November 4, 2009.

**The OIPs**

At issue is the admissibility of OIPs resolving
SEC enforcement actions against clearing broker-dealer Banc
of America Securities, LLC; and against Alliance Capital
Management, L.P.; Banc One Investment Advisors Corporation;
Deutsche Asset Management, Inc.; Evergreen Investment
Management Company, LLC; Federated Investment Management
Company; Fremont Investment Advisors, Inc.; Gabelli Funds,
LLC; Invesco Funds Group (and AIM Advisors, Inc.); Janus
Capital Management LLC; Massachusetts Financial Services
Co.; PA Fund Management LLC f/k/a PIMCO Investment
Management, LLC; and Strong Capital Management, Inc. The
OIPs resolve enforcement actions against the named

2

individuals and entities.  In each of these cases, the SEC
conducted an investigation pursuant to its authority to
enforce the federal securities laws, made findings of fact,
and concluded that the entities involved and individuals
associated with those entities violated the securities
laws.

The OIPs involve mutual funds which Defendants
are alleged to have traded and the clearing broker-dealer
that is alleged to have cleared the trades.  The SEC has
alleged that Defendants along with the introducing brokers
were involved in deceiving the mutual funds through the
clearing broker-dealer.  Defendants seek the admission of
these OIPs to establish that the mutual fund complexes at
issue in this case did allow market timing, in opposition
to the position taken by the SEC staff in its Amended
Complaint.

## The OIPs Are Admissible

The proffered evidence is admissible pursuant to
Fed. R. Evid. 803(8)(C) as a "research, report, [or]
statement . . . of public offices or agencies, setting
forth . . . factual findings resulting from an

3

investigation made pursuant to authority granted by law."
Fed. R. Evid. 803(8)(C).  See Option Resource Group v.
Chambers Development Co., 967 F. Supp. 846, 851 (W.D. Pa.
1996) (findings and conclusions in SEC settlements
admissible under Rule 803(8)(C)).  See also Beech Aircraft
Corp. v. Rainey, 488 U.S. 153, 170 (1988) (JAG report,
including findings and conclusions, admissible pursuant to
Fed. R. Evid. 803(8)(C)); Figueroa v. Boston Scientific
Corp., 2003 U.S. Dist. LEXIS 10936, at *8 (S.D.N.Y. June
25, 2003) (FDA findings admissible pursuant to Fed. R.
Evid. 803(8)(C)); In re Nautilus Motor Tanker Co., 85 F.3d
105, 112-13 (3d Cir. 1996) (Coast Guard report admissible
pursuant to Fed. R. Evid. 803(8)(C)).

       Rule 803 provides that certain kinds of evidence
"are not excluded by the hearsay rule, even though the
declarant is available as a witness."  Rule 803(8),
subtitled "public records and reports," specifically
provides an exception from the hearsay rule for the
following:

     Records, reports, statements, or data
     compilations, in any form, of public offices or
     agencies, setting forth . . . (C) in civil
     actions and proceedings and against the
     Government in criminal cases, factual findings

                              4

resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8)(C). The OIPs at issue begin with introductory paragraphs setting forth the jurisdictional basis for institution of proceedings and the procedural background to the proceedings (specifically that each respondent offered to settle and the Commission determined to accept the offer). Next, the orders contain a recitation of Commission "findings." The findings sections include both a recitation of factual matters and how the conduct described in the recitation of factual matters violated the securities laws. The findings in several of the orders also include various undertakings from the respondents. Lastly, the settled orders contain a section in which the Commission issues various orders (such as censuring a respondent, directing a respondent to cease and desist from violating the securities laws, directing a respondent to pay disgorgement and/or penalties, etc.).

Each of the settled Commission orders at issue in this motion provides that the Commission's findings are made "[o]n the basis of this Order and Respondent's Offer [of Settlement]." In addition, each of the settled

5

Commission orders provides that the findings "are made
pursuant to Respondent's Offer of Settlement and are not
binding on any other person or entity in this or any other
proceeding." Each of the settled orders provides that the
respondent's offer of settlement is made "without admitting
or denying the findings herein, except as to the
Commission's jurisdiction over [respondent] and over the
subject matter of these proceedings." Thus, the specific
findings in each of the orders, by their terms, do not bind
others in other proceedings, and made without any admission
or denial on the part of the respondent.

The precise issue of whether, in a Commission
injunctive action, the findings in settled Commission
orders involving respondents other than the defendants in
the injunctive action come within the Rule 803(8)(C)
hearsay exception has not yet been examined by courts.
Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988), a
products liability action following a fatal crash of a Navy
training aircraft, involved an investigatory report of an
inquiry made expressly to determine the cause of the crash.
The Supreme Court decided the only limited question of
whether the exception in Rule 803(8)(C) extended to
conclusions and opinions, as well as factual findings, in

6

public investigatory reports. The Court held, however, that "factually based conclusions or opinions are not on that account excluded from the scope of rule 803(8)(C)." Id. at 162.

Rule 408 of the Federal Rules of Evidence provides, in part, that evidence of "furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise [a] claim" which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408(a).

The issue of whether Rule 408 prevents admissibility of findings and conclusions otherwise admissible under Rule 803 was addressed squarely by the court in Option Resource Group. That court concluded that "the findings and opinions/conclusions of the SEC, being rendered pursuant to the SEC's independent obligations to enforce the securities laws and not as a part of the actual compromise negotiations, are not governed by Rule 408." 967 F. Supp. at 850 (citations omitted). In that case, the findings were being used as a sword to establish liability.

7

Each of the documents at issue is an
Administrative Proceeding by the Securities and Exchange
Commission and contains the following in its caption:
"Order Instituting Administrative Cease-And-Desist
Proceedings . . ., Making Findings, and Imposing Remedial
Sanctions . . . ." Under the language of the relevant
rule, the proffered documents are admissible as "findings
resulting from an investigation made pursuant to authority
granted by law." Fed. R. Evid. 803(8)(C). The SEC does not
dispute that it had the authority to conduct investigations
regarding market timing and late trading, nor does it
dispute that it did conduct such investigations.

The court in Option Resource Group also addressed
the SEC's argument regarding the parties' agreement that
the findings are not binding in another proceeding, and
held that this fact does not control the outcome.
"Moreover, the fact that an agency or the parties before it
provide by rule or stipulation that the factual findings
are not binding and disclaim their viability in other
proceedings does not control their admissibility in federal
civil proceedings, wherein the admissibility of evidence is
governed by the Federal Rules of Evidence . . . ." Id. at

851. This same reasoning applies here. Similarly, the fact that the parties settled the actions without admitting or denying the allegations also did not preclude admissibility under Rule 803(8)(C). Id. at 848. As the court also noted, respondents expressly agreed that they would not make any statements that were inconsistent with the findings and could be perceived as a denial. Id.

Plaintiffs point out that the district court in Carpenters Health & Welfare Fund v. The Coca-Cola Co., No. 00-CV-2838, slip. op. (N.D. Ga. Apr. 23, 2008), reached the opposite conclusion from the court in Option Resource Group. In Carpenters Health, a private securities action involving accounting fraud where the defendants moved to exclude a settled Commission order that contained findings that Coca-Cola engaged in improper accounting, id. at 2, the court concluded that the settled Commission order was inadmissible. The court found "that the SEC Order falls squarely into the class of evidence deemed inadmissible pursuant to Rule 408." Id. at 8. The Carpenters Health court disagreed with the conclusion the court reached in Option Resource that findings and conclusions of a settled Commission order fall within the hearsay exception in Rule 803(8)(C), instead ruling that the "SEC Order resulted

9

directly from Coca-Cola's offer to settle the matter, and as such, the SEC Order is governed by Rule 408." Id. at 10. The Carpenters Health court also found that the settled Commission order was inadmissible under Rule 403 as unduly prejudicial. Id. at 11-13. However, the court based its decision on the grounds that "[a]dmitting the SEC Order into evidence in this matter would likely have a chilling effect on future attempts by the SEC to settle similar cases as companies that are the subject of an SEC investigation would necessarily weigh the benefits of a settlement against the possible damage that the settlement would do to their prospects in pending or future litigation." Id. at 7. This rationale is not relevant to the consideration of this motion, where Defendants are not offering the evidence to establish liability of the entities that settled the prior SEC action.

Similarly, in an unrelated Commission enforcement action, the Honorable John Koeltl refused to allow the Commission to refer to Commission settlements with two others involved in the underlying conduct who were expected to testify at trial. See Transcript of Oral Argument at 1509-1516, Sec. & Exch. Comm'n v. Zwick, No. 03-CV-2742 (S.D.N.Y July 24, 2006). Ruling from the bench, Judge

Koeltl decided that references to the settlements were
barred by Fed. R. Evid. 408 and 403, and that the settled
orders did not come within Rule 803(8)(C)'s hearsay
exception.

However, Rule 408 exists to protect a party that
settles one claim from having that settlement used against
it to establish liability (or the extent of liability) of
that same party in another lawsuit for the same claim. As
Judge Koeltl said in a colloquy cited by the SEC, "the
public policy behind Rule []408 . . . encourages
settlement[s] and precludes their use for establishing
liability." Id. at 1510.  Here, Defendants are not trying
to use the settlements to establish liability against the
parties who settled but to offer evidence as a shield
because the SEC's findings that others were aware of, and
facilitated, market timing and late trading tend to negate
the Commission's allegation that the defendants in this
action deceived those parties.  Such evidence is not
precluded by Rule 408 because it is being offered for a
purpose other than to establish liability. United States
v. Gilbert, 668 F. 2d 94, 97 (2nd Cir. 1981) (court allowed
an earlier consent decree between defendant and the SEC to

11

be introduced to show defendant's awareness of SEC
requirements).

In re Blech Securities Litigation, No. 94-CV-
7696, 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003), was a
securities class action against David Blech & Company.  The
plaintiffs in the class action sought to use the consent
order and administrative proceeding as a sword to establish
liability on the part of Bear Stearns, and this Court found
them inadmissible.  Id. at *10-11.  The SEC acknowledges in
its Opposition, "[t]his portion of the decision is not
directly relevant to the present motion because plaintiffs
in Blech sought to admit the settled Commission orders for
a different purpose." SEC Opposition at 6.  With respect to
the administrative orders specifically, the plaintiffs
argued that "such orders can establish knowledge or
intent," id. at *11; presumably that Bear Stearns gained
knowledge of DBCO's actions by virtue of the SEC Orders
imposed against the DBCO employees. On that limited point,
this Court stated, "Such knowledge gained at the time of
the proceeding is immaterial here." Id.

**Conclusion**

12

Each of the documents at issue in this motion is an Order of the SEC making findings based on facts discovered pursuant to its investigative authority. Such findings are presumed reliable and admissible under Rule 803(8)(C). Because the documents are not being offered to establish liability, Rule 408 is not implicated. The proffered documents are admissible pursuant to Rule 803(8)(C).

Any rulings with respect to relevance or other issues of admissibility will be determined at an appropriate time in the proceedings which follow.

It is so ordered.

New York, NY
March // , 2010

ROBERT W. SWEET
U.S.D.J.

13