UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,                08 Civ. 3324

   -against-                        OPINION

PENTAGON CAPITAL MANAGEMENT PLC
and LEWIS CHESTER,

              Defendants,

   -and-

PENTAGON SPECIAL PURPOSE FUND, LTD.,

              Relief Defendant.

-------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 10-8-10              │
└─────────────────────────────────┘
```

**Sweet, D.J.**


      Defendants Pentagon Capital Management PLC and
Lewis Chester and Relief Defendant Pentagon Special Purpose
Fund, Ltd. (collectively, the "Defendants") have moved to
compel Plaintiff Securities and Exchange Commission ("SEC")
to produce a list of mutual funds that allowed capacity
agreements, exhibits used in the investigative testimony
already produced by the SEC, and any exculpatory evidence
pursuant to Brady and Giglio.  For the reasons set forth
below, the motion is denied as to the list of mutual funds

that allowed capacity agreements and granted as to the
investigative testimony exhibits.  A decision as to the
SEC's obligation to produce Brady and Giglio materials will
be issued at a later date.

**The List of Mutual Funds that Allowed Capacity**
**Agreements Is Publicly Available Information**

Defendants have requested that the SEC identify
all U.S. mutual funds that allowed broker-dealers to late
trade or market time between 1998 and 2004, on the basis
that such information is exculpatory and solely in the
hands of the SEC.  However, information about each of the
SEC's public enforcement actions against mutual funds is
available to the public on the website of the SEC.  To the
extent Defendants seek information regarding mutual funds
that the SEC investigated but against which it did not
ultimately commence enforcement proceedings, such
information is subject to various privileges from
disclosure, including the attorney-client privilege, work
product protection, deliberative process privilege, and law
enforcement privilege.

Because the only potentially relevant non-
privileged information sought by Defendants is a matter of

1

public knowledge, Defendants' motion to compel the SEC to

provide a list of mutual funds that allowed capacity

agreements is denied.


**The SEC Must Produce the Exhibits Used in the**
**Investigative Testimony It Has Already Produced**


The second part of Defendants' motion requests

that the SEC be compelled to produce the exhibits that were

used during investigative testimony regarding late trading

and market timing by mutual funds.  The SEC has already

produced 180 transcripts of such investigative testimony,

but 157 of those transcripts were produced without

exhibits.  Defendants contend that without the exhibits,

they are left to "guess the contents" of the transcripts.

(Mot. 5.)  The SEC is the only entity that maintains these

documents, as the witnesses were not provided copies of the

exhibits used during their testimony.


The SEC objects to this request because the

language of the Document Request at issue does not

specifically call for the production of exhibits.  In

addition, the SEC argues that production of the exhibits

would be unduly burdensome and the request amounts to a

fishing expedition.

2

The requested exhibits are connected to the
testimony that has been produced by the SEC, all of which
relates to late trading and market timing of mutual funds.
Such information is relevant to the instant dispute.  Thus,
the request does not constitute a fishing expedition.
Moreover, because the SEC is the sole entity with custody
or control over these documents, it is reasonable for
Defendants to request the SEC to produce them.  For these
reasons, Defendants' motion is granted as to the exhibits
to the previously-produced investigative testimony.

**Defendants' Request for All Exculpatory Material Pursuant
to *Brady* and *Giglio* Will Be Decided at a Later Date**

The final part of Defendants' motion seeks
production of all exculpatory evidence in the SEC's
possession.  Defendants argue that Brady and Giglio are
applicable to this case because the SEC is seeking a
penalty against the Defendants.  The SEC disagrees.  A
decision on this issue will be issued at a later date.

## Conclusion

Defendants' motion to compel is denied as to the list of mutual funds that allowed capacity agreements and granted as to the exhibits to the investigative testimonies already produced by the SEC.

It is so ordered.

New York, NY
October 7 , 2010

ROBERT W. SWEET
U.S.D.J.

4