UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

    -against-

PENTAGON CAPITAL MANAGEMENT PLC
and LEWIS CHESTER,

              Defendants,

    -and-

PENTAGON SPECIAL PURPOSE FUND, LTD.,

             Relief Defendant.

------------------------------------X

                         08 Civ. 3324

                         OPINION

**Sweet, D.J.**


       Defendants Pentagon Capital Management PLC and
Lewis Chester and Relief Defendant Pentagon Special Purpose
Fund, Ltd. (collectively, the "Defendants") have moved to
compel Plaintiff Securities and Exchange Commission ("SEC")
to produce, inter alia, any exculpatory evidence pursuant
to Brady v. Maryland, 373 U.S. 83 (1963), and United States
v. Giglio, 405 U.S. 150 (1972).  In an Opinion dated
October 7, 2010 (the "October 7 Opinion"), the Court denied
Defendants' motion to compel production of a list of mutual

funds that allowed capacity agreements, granted Defendants'
motion to compel certain investigative testimony exhibits,
and reserved as to the SEC's obligation to produce Brady
and Giglio materials.  Upon further consideration, for the
reasons set forth below, Defendants' motion to compel
production of Brady and Giglio materials is denied.

Defendants seek production of all exculpatory
evidence in the SEC's possession, pursuant to Document
Request No. 37, which calls for the SEC to "[p]roduce all
Giglio and Brady material."  (Def. Ex. A.)  The SEC
initially objected to the request for several reasons,
including its position that the request seeks to impose an
obligation on the SEC to provide more discovery than is
permissible under the Federal Rules of Civil Procedure and
the Local Civil Rules.

Defendants contend that although this is a civil
enforcement action, Brady and Giglio are applicable because
the SEC is seeking a penalty against the Defendants.
According to Defendants, the Government's duty to disclose
under Brady and Giglio arises not from the threat of a
criminal penalty, but from the Due Process rights
implicated whenever the government, as the prosecuting

body, seeks a penalty.  The Supreme Court has not decided whether Brady requires a prosecutor to turn over exculpatory material in a civil case.  See Goldberg v. United States, 425 U.S. 94, 98 n. 3 (1976) (leaving this question open).  In this district, the application of Brady to SEC enforcement actions has been flatly rejected. See SEC v. Follick, 00 Civ. 4385 (KMW), at 9 (slip op. Mar. 3, 2003) ("[T]he prosecutorial duty to disclose exculpatory evidence, articulated in Brady [and] Giglio . . . applies to defendants in criminal actions, not to defendants in civil actions where the government is plaintiff.").

Nonetheless, in support of their contention, Defendants cite Sperry & Hutchinson Co. v. FTC, 256 F. Supp. 136 (S.D.N.Y. 1966), in which the Court observed in dicta that, "[p]resumably the essentials of due process at the administrative level require [Brady] disclosures by the agency where consistent with the public interest" and that in civil actions, as well as in criminal actions, "the ultimate objective is not that the Government 'shall win a case, but that justice be done.'"  Id. at 142.  However, in Sperry, the Court rejected the notion that Brady applies in situations, such as the present situation, where the party seeking the materials has access to them through discovery.

2

See id. (holding that Brady is inapplicable where the party
seeking such material "is fully empowered to compel the
production of any material which is essential to [its]
defense").

Defendants also cite EEOC v. Los Alamos
Constructors, Inc., 382 F. Supp. 1373 (D.N.M. 1974), for
the proposition that Brady "orders that exculpatory
evidence must be furnished a defendant in a criminal case.
A defendant in a civil case brought by the Government
should be afforded no less due process of law." Id. at
1383 n.5. In Los Alamos Constructors, the Court described
the complaint as "a phantom legal conclusion" and a
"skeleton complaint," and found that the EEOC was
"insist[ing] that defendant go to trial on unspecified
charges." Id. at 1374, 83. Because this left the defendant
with few facts on which to prepare a defense or rebut the
EEOC's allegations, the Court held that "defendant is
entitled to know the names of persons having knowledge of
the facts of the case — knowledge of facts favorable to the
government and facts favorable to defendant." Id. at 1383
The Court only cited Brady for the proposition that, "if
plaintiff furnishes defendant with the names of all persons
it has located who have knowledge of the facts, some of

them may be able to give testimony helpful to defendant."
Id.


The SEC contends that Brady and Giglio should not
be extended to civil proceedings, particularly those in
which defendants have extensive powers to conduct pretrial
discovery.[1]  In U.S. ex rel. (Redacted) v. (Redacted), 209
F.R.D. 475 (D. Utah 2001), the Court distinguished Sperry
and Los Alamos Constructors and declined to apply Brady,
holding that "[t]o extend Brady to this civil case is both
unnecessary and unwarranted: because they are in possession
of the underlying documents, defendants could recreate the
government's audit from materials to which they have
access."  Id. at 483.  Moreover, as the Court noted, "the
fact that defendants have been accused of civil fraud with
potentially serious civil penalties does not turn the
government's claims into criminal charges."  Id. at 482.


Defendants suggest that the need for production
of Brady and Giglio materials is evidenced by the SEC's
failure to turn over materials from the investigative file
from two related proceedings.  It appears, however, that

---

[1]     In a footnote, the SEC argues that Defendants' motion is limited
to Brady material, but suggests that even if Defendants sought Giglio
material, such a request would be unfounded for the same reasons that a
request for Brady material is unfounded.  (See Opp. 9 n.4.)

4

upon request the SEC has provided Defendants with the requested materials.

In light of the right to conduct extensive pretrial discovery afforded defendants in SEC civil enforcement actions, and the extensive discovery that Defendants have been able to conduct in this proceeding, there is no basis for extending Brady or Giglio to this proceeding.[2]

**Conclusion**

Defendants' motion to compel Brady and Giglio materials is denied.

It is so ordered.

New York, NY
November / 2, 2010

ROBERT W. SWEET
U.S.D.J.

---

[2]     It remains an open question whether Brady and Giglio are applicable in civil proceedings at all, or are limited to defendants in criminal actions.