**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
        *Plaintiff*,                  :
                                       :
        v.                             :
                                       :
PENTAGON CAPITAL MANAGEMENT PLC        :    08-CV-03324 (RWS)
and LEWIS CHESTER,                     :
                                       :
        *Defendants*,                 :
                                       :
        -and-                          :
                                       :
PENTAGON SPECIAL PURPOSE FUND, LTD.,    :
                                       :
        *Relief Defendant*.            :

_____

### MEMORANDUM OF LAW IN SUPPORT OF PEPPER HAMILTON LLP'S MOTION FOR FEES AND EXPENSES OR, IN THE ALTERNATIVE, TO WITHDRAW AS COUNSEL FOR PENTAGON CAPITAL MANAGEMENT PLC

        Pepper Hamilton LLP ("Pepper Hamilton") submits this memorandum in support of its Motion for Fees and Expenses or, in the Alternative, to Withdraw as Counsel for Pentagon Capital Management PLC.  Administrators for Pentagon Capital Management ("PCM") have been sent a copy of this motion.

### BACKGROUND

        On March 28, 2012, the Court entered judgment in this case, finding in favor of the Securities and Exchange Commission ("SEC") and against PCM, Mr. Chester, and relief defendant Pentagon Special Purpose Fund, Ltd. ("PSPF") in the amount of $60,204,423.20.[1]

---

[1] ECF No. 215.

Days later, on April 6, 2012, PCM and Chester sought to stay the judgment without bond pending appeal, arguing *inter alia* that it was not possible to obtain a bond in such amount and that a failure to stay the case would immediately lead to bankruptcy.[2]  PCM and Chester filed their notice of appeal[3] shortly thereafter, on April 25, 2012, the same day that the Court issued an order conditioning any stay on a supersedeas bond of $60 million.[4]  Defendants took their stay request to the Second Circuit, which denied it a month later, on May 24, 2012.[5]

On June 7, 2012, the Securities and Exchange Commission filed restraining notices under New York CPLR 5222 with the Court as to defendants PCM[6] and Chester[7] and relief defendant PSPF.[8]  Three weeks later, on June 28, 2012, PCM was placed into bankruptcy.[9] PCM's administrators instructed Pepper Hamilton to prosecute the appeal but stated that they would not pay Pepper Hamilton to take any further post-judgment action in this Court.[10]  Pepper Hamilton thereafter sought leave to withdraw as counsel for PCM, Chester, and PSPF, based in part on the administrators' unwillingness to pay fees for post-judgment proceedings.[11]  The SEC

---

[2] ECF No. 218.

[3] ECF No. 224.

[4] ECF No. 225.

[5] ECF No. 227.

[6] ECF No. 229.

[7] ECF No. 230.

[8] ECF No. 231.

[9] *See* Pepper Hamilton LLP's Mem. of L. in Supp. of Mot. to Withdraw as Counsel, at 3 (ECF No. 236).

[10] *See* Decl. of Ivan Knauer ¶ 2 (July 13, 2012) (ECF No. 237).

[11] ECF No. 235.

opposed withdrawal, claiming that Pepper Hamilton should not be allowed to withdraw from proceedings before this Court while it represented PCM and Chester in the appeal.[12]

In its opinion and order of July 25, 2012, the Court granted Pepper Hamilton's motion to withdraw as counsel for Chester and PSPF but denied it as to PCM, stating that, since Pepper Hamilton had been paid a flat fee to prosecute the appeal, that "there is concededly contact with the client and funds available for limited post-judgment discovery."[13]  Since a corporation cannot represent itself in a civil action, the Court wrote, Pepper Hamilton was required to stay in the case as counsel for PCM "unless substantive replacement counsel is provided."[14]

After the Court denied Pepper Hamilton's request to withdraw, counsel for the parties corresponded regarding the effect of the SEC's restraining notice on Pepper Hamilton's continuing representation of its clients.  On August 21, 2012, counsel proposed the following:

> 1)  Pepper Hamilton LLP can continue to draw down the flat fee while representing the administrators for PCM and Lewis Chester in the appeal to the Second Circuit;
>
> 2)  Pepper Hamilton LLP can charge the administrators for PCM the reasonable expenses incurred incident to the appeal;
>
> 3)  Pepper Hamilton LLP can charge the administrators for PCM on an hourly basis for the fees and expenses incurred in representing the administrators for PCM in the post-judgment discovery process in the Southern District of New York.  This amount is initially capped at $25,000 and, if necessary, I will be in contact with you when the bills reach this amount so that we can agree on another capped amount.[15]

---

[12] ECF No. 238.

[13] Op. at 11 (ECF No. 241).

[14] *Id.* at 13.

[15] Ex. A, Email from M. Foster to C. Dunnigan (Aug. 27, 2012).

The SEC responded the same day, indicating that it agreed to the three requests, "reserving the SEC's right to take a different position at a later time…."[16] The parties' agreement allowed Pepper Hamilton to continue to receive payment for its work for PCM and Chester on the appeal and for PCM in post-judgment proceedings in this Court, without any substantive limitation on Pepper Hamilton's legal representation.

The SEC has now taken an entirely different position: it is trying to prevent Pepper Hamilton from receiving payment for any representation that would advance its clients' interests in either appellate or district court proceedings. Now, the SEC claims that its restraining order bars Pepper Hamilton from receiving fees, not only for further prosecuting the appeal on its clients' behalf, but also for any further actions in this Court other than providing post-judgment discovery that the SEC has requested. The SEC has even gone so far as to purport to prevent Pepper Hamilton from receiving payment for *posing objections* to the post-judgment discovery requests (or indeed for preparing and filing this motion), claiming that this would violate its restraining notice.

On August 8, 2013, the Second Circuit issued its decision in the appeal, affirming in part and vacating and remanding in part the Court's ruling.[17] Pepper Hamilton's flat fee agreement with its clients only covered the appeal, so shortly after the appeals court issued its ruling, counsel sought the SEC's permission to receive a new retainer from PCM, which Pepper Hamilton attorneys would draw down for payment of fees incurred in preparing and filing a petition for *en banc* rehearing on PCM and Chester's behalf. Appellants' counsel also asked the SEC's permission to charge PCM's administrators for reasonable expenses incurred in the

---

[16] Ex. B, Email from C. Dunnigan to M. Foster (Aug. 27, 2012).

[17] No. 12-1680-cv, ECF No. 150.

4

preparation and filing of such petition.[18]  The SEC denied both requests, claiming that payment

for any legal work other than merely handing over the requested documents would violate the

restraining notice, stating that the SEC:

> will view any payments for attorneys' fees other than the
> reasonable costs to provide the pending requested discovery as
> violating the restraining notice. For the pending discovery, please
> provide an estimate of what it will cost to provide the discovery.
> We will also need to review the statement(s) before any payment is
> made. And to be clear, please note that *the cost of any possible
> objection to the pending requests will not be permitted - only the
> costs of providing the requested discovery will we view as not
> violating the restraining notice*.[19]

In recent communications, the SEC has refused to allow that Pepper Hamilton may be paid for

the remand proceedings, claiming that the question is not yet ripe, and has gone even further in

attempting to micromanage and limit Pepper Hamilton's representation of its clients, stating that

Pepper Hamilton's role should be "*limited to assisting us by passing along documents*" the SEC

has requested.[20]

   After initially allowing Pepper Hamilton to receive payment in both the appellate

and district court proceedings in this case, the SEC now takes the absurd position that its

restraining notice bars Pepper Hamilton from receiving payment for any further representation

beyond simply "assisting" the SEC without objection.  As a result, Pepper Hamilton is in an

impossible ethical position: the SEC purports to bar Pepper Hamilton from receiving payment

for any representation that furthers its clients' interests (e.g., seeking rehearing and posing

appropriate objections to the SEC's overbroad discovery requests), but views acts that solely

---

[18] Ex. C, Email from M. Foster to P. Gizzi (Aug. 27, 2013).

[19] Ex. D, Email from P. Gizzi to M. Foster (Sep. 4, 2013) (emphasis added).

[20] Ex. E, Email from P. Gizzi to M. Foster (Sep. 6, 2013).

benefit the SEC (e.g., simply turning over PCM's documents without any objection) as permitted

under the restraining notice.  Torn between its ethical obligation to provide zealous

representation to its clients and the SEC's explicit threat that it would treat any action beyond

mere acquiescence as a violation of the restraining notice, Pepper Hamilton has no choice but to

bring this motion seeking an order either 1) modifying the restraining notice to allow Pepper

Hamilton to be paid to represent its clients zealously, or 2) granting Pepper Hamilton leave to

withdraw as counsel for PCM.

ARGUMENT

**I.      The Court Should Exercise its Discretion to Permit Pepper Hamilton to Represent
        its Clients Zealously In Both Appellate and Post-Judgment Proceedings.**

Under New York law, this Court has discretion to limit or modify the restraining

notice to prevent the type of abuse the SEC has engaged in here.  CPLR 5240 provides that

discretion, stating that the Court:

> may at any time, on its own initiative or the motion of any
> interested person, and upon such notice as it may require, make an
> order denying, limiting, conditioning, regulating, extending or
> modifying the use of any enforcement procedure.[21]

This section broadly "authorizes modification or preclusion of any enforcement procedure

otherwise provided for in Article 52,"[22] which includes CPLR 5222 restraining notices such as

this one.  The Second Circuit has described the court's authority under CPLR 5240 as a broad

mechanism for relief,[23] which the Appellate Division has called "perhaps the most practical

---

[21] NY CLS CPLR § 5240.

[22] *McLoughlin v. Altman*, No. 92 Civ. 8106, 1997 U.S. Dist. LEXIS 11413, *9-10 (S.D.N.Y. Aug. 6, 1997).

[23] *Cruz v. TD Bank, N.A.*, 711 F.3d 261, 269-70 (2d Cir. 2013).

method to protect judgment debtors from the often harsh results of lawful enforcement procedures."[24]

The SEC's action has not only placed Pepper Hamilton in an untenable position. It also threatens irreparable harm to Pepper Hamilton's clients. According to the SEC, it would be a violation of the restraining notice for Pepper Hamilton to receive any fees in connection with further appellate litigation on PCM and Chester's behalf, such as filing an *en banc* rehearing petition, arguing the appeal (if its rehearing petition were successful), and preparing, filing, and arguing a petition for Supreme Court review. Yet PCM and Chester have strong grounds for rehearing and further appellate review, for at least three reasons:

1.      In ruling that PCM and Chester were the "maker" of an implied misrepresentation to the mutual funds, the panel misapplied the Supreme Court's ruling in *Janus Capital Group, Inc. v. First Derivative Traders*[25] and ignored directly applicable Second Circuit precedent in *Wright v. Ernst & Young L.L.P.*,[26] which held that primary liability for misrepresentation under Section 10(b) and Rule 10b-5 can only be imposed on individuals to whom such statement is *attributed*. The panel made no attempt to show that any implied misrepresentation was ever attributed to PCM or Chester.

2.      In imposing disgorgement on PCM and Chester in amounts that astronomically exceed any proven gain, the panel disregarded the fundamental purpose of disgorgement, which is an *equitable* requirement to repay ill-gotten gains, not a penalty. More importantly, the panel ignored both the Second Circuit's own ruling in *SEC v. Manor Nursing*

---

[24] *Paz v. Long Island R.R.*, 661 N.Y.S.2d 20, 22 (N.Y. App. Div. 2d Dept. 1997).

[25] 564 U.S. ___, 131 S. Ct. 2296 (2011).

[26] 152 F.3d 169 (2d Cir. 1998).

*Centers, Inc.*,[27] that disgorgement that exceeds unjust enrichment constitutes a penalty, and that a significant portion of such penalty is plainly time-barred under the Supreme Court's recent ruling in *Gabelli v. SEC*.[28]

      3.     In imposing joint and several liability for disgorgement, the panel misapplied the Second Circuit's holding in *SEC v. First Jersey Securities*.[29]  That decision turned on the principal's liability as a "control person" that owned substantially all of the stock of the broker dealer with which the principal was held jointly and severally liable.  PCM and Chester were neither control persons nor owners of PSPF and were therefore not de jure or de facto "control persons" who could properly be held jointly and severally liable to disgorge PSPF's gains.  Indeed, the Second Circuit's ruling in *First Jersey Securities* stated that joint and several liability might not have been appropriate had the owner not controlled and owned less than all of the broker-dealer's stock.  Moreover, the panel disregarded the Second Circuit's 2004 decision in *SEC v. AbsoluteFuture.com*, which expressly limited joint and several liability for disgorgement to the portion of illegal gain that had been combined and transferred between defendants.[30]  No such combination or transfer was ever proven here.

      In addition to cutting off PCM and Chester's appeal rights, the SEC's claimed application of the restraining notice would improperly interfere with counsel's efforts in post-judgment proceedings in this Court.  Essentially, the SEC claims that Pepper Hamilton may only be compensated for "assisting" the SEC.  If the Court allows this to stand, then PCM and Chester will be irreparably harmed by the loss of their ability to seek rehearing *en banc* or further

[27] 458 F.2d 1082, 1104 (2d Cir. 1972).

[28] No. 11-1274 (U.S. Feb. 27, 2013).

[29] 101 F.3d 1450, 1476 (2d Cir. 1996).

[30] 393 F.3d 94, 95-96 (2d Cir. 2004).

8

appellate review by the Supreme Court of the United States, and PCM will irreparably harmed by being prevented from paying its lawyers to aid it in post-judgment proceedings.[31]

In sum, the Court should exercise its discretion to clarify and modify the restraining notice to prevent an unjust result.  By seeking to prevent Pepper Hamilton's clients from having a full and fair opportunity to pursue appellate review and to protect their rights in post-judgment proceedings, the SEC has put Pepper Hamilton in an impossible position—one where there can be no compensation for legal representation to advance the clients' interests, and where moneys are only available essentially to serve as SEC collection agents.  Unless these circumstances are remedied by allowing Pepper Hamilton to be paid to represent its clients zealously, the Court must allow Pepper Hamilton to withdraw.

## II.    In the Alternative, The Court Should Grant Pepper Hamilton Leave to Withdraw

The Court denied Pepper Hamilton's initial motion to withdraw as counsel for PCM on the basis that Pepper Hamilton was actively representing the company in the Court of Appeals and presumably could continue to represent PCM in post-judgment proceedings before the Court.  Also, the Court held, Pepper Hamilton should not be allowed to withdraw here while being paid in the appeals court, because a corporation cannot represent itself pro se.[32]  In other words, the Court's order that Pepper Hamilton continue to represent PCM in post-judgment proceedings was based on the theory that payment for the appeal could be viewed as encompassing work on the post-judgment proceedings.  Pepper Hamilton in fact was paid a flat fee to prepare and argue the appeal before the Second Circuit, but that fee has now been drawn down entirely.

---

[31] The SEC's appellate counsel have indicated that the SEC does not oppose PCM's motion in the Court of Appeals for a stay of the deadline to seek rehearing *en banc*, to 14 days after the Court rules on this motion.

[32] Although of course it is correct that a corporation cannot represent itself or appear pro se, it is also true that a corporation has no right to free legal representation.

Now that the flat fee has been exhausted and the appellate panel has ruled, the SEC has taken the position that Pepper Hamilton cannot receive any further compensation beyond serving as errand-boy for the SEC, merely facilitating the production of documents without objection.  Pepper Hamilton is in an impossible position ethically: bound to represent its clients zealously, it can only do so without being paid.  This is untenable as a matter of professional responsibility.  If it is allowed to continue, Pepper Hamilton must be permitted to withdraw.

CONCLUSION

For these reasons, the Court should grant Pepper Hamilton's motion to receive payment of fees and expenses or, in the alternative, to withdraw as counsel for PCM.

Respectfully submitted,

/s/ Frank C. Razzano
Frank C. Razzano
(admitted in N.Y. & S.D.N.Y., FCR 8820)
Ivan B. Knauer
Matthew D. Foster
John C. Snodgrass
PEPPER HAMILTON LLP
Hamilton Square
600 14th Street N.W., Suite 500
Washington, DC 20005-2004
(202) 220-1200 (voice)
(202) 220-1665 (fax)
*Counsel for Defendant Pentagon*
*Capital Management PLC*

CERTIFICATE OF SERVICE

I certify that on the 13th day of September 2013, I filed the foregoing via the Court's CM/ECF system with the understanding that the CM/ECF system would automatically serve counsel for all parties.

/s/ Frank C. Razzano
Frank C. Razzano

10