UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,                    08 CV 3324 (RWS)

                                              Plaintiff,

          - against -

PENTAGON CAPITAL MANAGEMENT PLC and
LEWIS CHESTER,

                                              Defendants,

          - and -

PENTAGON SPECIAL PURPOSE FUND, LTD.,

                                              Relief Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
PEPPER HAMILTON LLP'S MOTION FOR FEES AND EXPENSES
OR, IN THE ALTERNATIVE, TO WITHDRAW AS COUNSEL FOR
PENTAGON CAPITAL MANAGEMENT PLC**

## INTRODUCTION

The law firm of Pepper Hamilton LLP ("Pepper Hamilton"), counsel representing the

Defendant Pentagon Capital Management PLC ("PCM"), seeks by its motion (Dkt. No. 243)

authority to receive an indefinite amount of PCM's funds for the purpose of seeking through

undefined proceedings further appellate review of the judgment entered in this action and

affirmed in part and vacated and remanded in part by the Second Circuit.  *SEC v. Pentagon*

*Capital Management PLC*, ___ F.3d ___, 2013 WL 4017028 at *7-8 (2d Cir. Aug. 8, 2013).  The

Court of Appeals affirmed this Court's findings that PCM and Lewis Chester engaged in

securities fraud, and affirmed the Court's decision to order PCM and Chester to pay

disgorgement of $38,416,500, on a joint and several basis with Relief Defendant Pentagon

Special Purpose Fund, Ltd.  Together with prejudgment interest, the Court's Final Judgment

ordered PCM to pay in excess of $60 million, and that portion of the final judgment was undisturbed by the Court of Appeals decision.[1]  To date none of the amount owed under the final judgment has been paid.

Pepper Hamilton invokes New York Civil Practice Law and Rules ("NY CPLR") 5240 as authority for this Court to release funds from the effect of the restraining notice served on PCM pursuant to NY CPLR 5222.[2]  Pepper Hamilton seeks access to the restrained funds so that it may file a petition for rehearing *en banc* by the Second Circuit, and presumably so that it may thereafter, if such rehearing is denied, seek review by the Supreme Court, as well as participate in proceedings on remand relating to the civil penalty and ongoing proceedings in the Court relating to post-judgment discovery.  The Securities and Exchange Commission (the "Commission") opposes this request, except as to fees for turning over materials responsive to the Commission's pending Second Post-Judgment Request for Production of Documents on August 9, 2013.  As a preliminary matter, it should be noted that on September 4 the SEC requested from defense counsel an estimate of how much in fees would be necessary to respond to the Commission's August 9 discovery requests.  *See* Ex. D to pending motion.  To date, there has been no response.

---

[1] The Second Circuit vacated the civil penalties imposed in the final judgment against PCM and Chester and remanded that portion of the judgment for further consideration in light of *Gabelli v. SEC*, ___ U.S. ___, 133 S. Ct. 1216, 1221-24 (2013) (statute of limitations); and on the further ground that civil penalties cannot be imposed against PCM and Chester on a joint and several basis.

[2] The restraining notice is applicable, under Rule 69(a) of the Federal Rules of Civil Procedure, to enforcement of the disgorgement judgment; it has no application to the now-vacated civil penalty portion of the judgment.

**ARGUMENT**

**I.      The Scope of NY CPLR 5240**

NY CPLR 5240 provides that "[t]he court may at any time, on its own initiative or the motion of any interested person, . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."  The purpose of this statute is to "empower[] the court to exercise broad powers over the use of enforcement procedures."  *Paz v. Long Island R.R.*, 661 N.Y.S.2d 20, 21 (App. Div. 2nd Dept. 1997).

This statute controls the procedure used in enforcing a judgment.  For example, it is often used to protect a family home from a forced sale, while allowing the judgment lien to remain on the property.  *Seyfarth v. Bi-County Elec. Corp.*, 341 N.Y.S.2d 533, 534-35 (Sup. Ct. Nassau Co. 1973); *Hammond v. Econo-Car of the North Shore, Inc.*, 336 N.Y.S.2d 493, 495 (Sup. Ct. Nassau Co. 1972).  It has also been used to stay execution upon a judgment debtor's seat on the New York Stock Exchange, which constituted his sole source of support for himself and his family, so long as periodic payments were made on the judgment.  *Moskin v. Midland Bank & Trust Co.*, 409 N.Y.S.2d 327, 328 (Sup. Ct. N.Y. Co. 1978).

However, this statute does not create any substantive rights for the judgment debtor or any third party.  Indeed, NY CPLR 5240 has been described by the Second Circuit as a state procedural rule that provides no substantive rights.  *Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan*, 666 F.3d 68, 78 (2d Cir. 2011); *AXA Versicherung AG v. New Hampshire Ins. Co.*, ___ F. Supp.2d ___, 2013 WL 1790719 at *3 (S.D.N.Y. April 22, 2013).  Accordingly, Pepper Hamilton and PCM must find elsewhere their "right" to use the funds restrained under NY CPLR 5222 for payment of attorneys' fees and costs.

## II.      PCM Has No Right to Use the Restrained Funds for Further Litigation

NY CPLR 5222 provides for the issuance of a restraining notice by the attorney for a judgment creditor to the judgment debtor or an obligor of the judgment debtor (other than the employer of a judgment debtor).  The restraining notice acts as an injunction against the transfer of any interest of the judgment debtor's property except in satisfaction of the judgment.

PCM is not a natural person.  Therefore, PCM may not claim any funds as exempt under NY CPLR 5205 and 5206.[3]

New York law does not recognize the right of a judgment debtor to use non-exempt funds to pay counsel.  In *Potter v. MacLean*, 904 N.Y.S.2d 551, 553 (App. Div. 3rd Dept. 2010), the court refused to vacate a restraining notice for maintenance and child support served on the attorney for the defendant in a divorce action.  The restraining notice clearly inhibited the defendant's ability to defend the divorce action, but the Appellate Division held that, as there was no statutory exemption for attorneys' fees, none would be created by case law.  *See id.*

And of course there is no constitutional right to counsel in a civil proceeding.  *Turner v. Rogers*, ___ U.S. ___, 131 S. Ct. 2507, 2517 (2011).  Similarly, there is no statutory right to counsel in civil injunctive actions brought by the Commission.[4]

Furthermore, PCM is presently in administration, akin to bankruptcy proceedings, in the United Kingdom.  As stated by Pepper Hamilton, the administrators in the bankruptcy proceeding – although they represent the interest of the *creditors* of PCM and not PCM and

---

[3] NY CPLR 5205 exempts specified personal property "owned by any person" for execution.  NY CPLR 5206 exempts homesteads from execution.  Although these statutes, unlike NY CPLR 5222-a, do not specifically restrict their application to natural persons, the property interests described are those which would be inapplicable to corporations and similar entities.

[4] Where there is a parallel criminal proceeding, courts may in their discretion release funds to provide for a defense of the criminal action.  *SEC v. McGinn*, No. 10-CV-457, 2012 WL 1142516, at *2 (N.D.N.Y. Apr. 4, 2012).

Chester – have determined to pay Pepper Hamilton to petition the Court of Appeals for rehearing *en banc* (and presumably to petition the U.S. Supreme Court for *certiorari*), but have indicated that they will not pay Pepper Hamilton for further legal work before this Court.

The funds restrained under NY CPLR 5222 are limited.  Any amounts expended for further challenges to the judgment are therefore by definition funds that will not be available to pay the judgment.  To date, neither PCM nor Chester has paid *anything* toward the judgment amounts due.  But PCM now proposes to pay Pepper Hamilton a $50,000 retainer, be billed for any time charges beyond $50,000, and be charged for the expenses of the further appellate litigation.  This is on top of the approximately $350,000 that the Commission staff understands that PCM previously paid to fund PCM's and Chester's unsuccessful appeal to the Second Circuit.  They should not be allowed to dissipate further the limited funds available to PCM's creditors, in particular the Commission.

At a minimum, any funds available should be used to track town PCM's assets.  As this Court may recall from the trial, many of PCM's former employees now work for a Swiss investment adviser named Victory Asset Management ("Victory").  The Commission understands from correspondence with counsel for PCM's administrators that, upon PCM's going into administration, Victory assumed management of the funds PCM previously managed, receives the management fees from the funds, and can remit in its discretion fees back to PCM. We have requested a copy of the consultancy agreement by which Victory is entitled to these valuable benefits, but to date PCM's administrators have not provided it.  Moreover, the public reports PCM's administrators have filed to date indicate that during the period 1999-2011 PCM earned net profits after tax of approximately £85 million, and paid in excess of £66 million of those profits to its shareholders, including Mr. Omid and Mr. Chester's father.  We have

similarly asked PCM's administrators what happened to the apparently missing £19 million in profits, but have similarly not been provided with any information.

It is important to note that the Commission did not oppose Defendants' request for fees to prosecute the (unsuccessful) appeal to the Second Circuit – although the Commission did not have to do so – as a measure of fairness to ensure Defendants had their full day in court. Defendants have now lost their appeal.  The Second Circuit has thoroughly rejected Defendants' arguments, and affirmed both this Court's findings of liability and its disgorgement order. Permitting further fees and costs to be expended to file petitions for rehearing and *certiorari*, would be a waste of PCM's remaining resources and in derogation of the rights of PCM's creditors, in particular the SEC.  It is also worth noting that, as it appears PCM's administrators have already agreed to fund a petition for *certiorari*, the requests for rehearings and for fees and costs of such a request is a needless, unnecessary waste of money since PCM's administrators have indicated that they will continue their quest even if they lose the petition for rehearing and rehearing *en banc*.

Finally, the Court should deny Pepper Hamilton's request to withdraw unless and until they have provided complete responses to the Commission's pending discovery requests, which were served on August 9th.  There is no conflict preventing Pepper Hamilton from fulfilling its responsibilities to respond to basic discovery requests.  PCM is in administration, and it is therefore supposed to be managed for the benefit of its creditors – including the SEC. The Commission does not oppose Pepper Hamilton's withdrawal once PCM has complied fully complied with the pending discovery requests.  The Commission has agreed that Pepper Hamilton can be paid for providing the requested discovery, although that agreement was conditioned on a reasonable estimate of the necessary fees.

## **CONCLUSION**

For the foregoing reasons, the Commission respectfully requests that the Court deny

Defendants' motion.

Dated: September 30, 2013

ANDREW M. CALAMARI
REGIONAL DIRECTOR


/s/ Paul G. Gizzi
_____

Christopher Dunnigan (dunnigancj@sec.gov)
Paul G. Gizzi (gizzip@sec.gov)
John Graubard (graubardg@sec.gov)

SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Suite 400
New York, NY  10281
(212) 336-1100

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2013, I electronically filed the foregoing

MEMORANDUM OF LAW IN OPPOSITION TO PEPPER HAMILTON LLP'S MOTION

FOR FEES AND EXPENSES OR, IN THE ALTERNATIVE, TO WITHDRAW AS COUNSEL

FOR PENTAGON CAPITAL MANAGEMENT PLC with the Clerk of this court using the

CM/ECF system, and I am relying upon the transmission of the Clerk's Notice of Electronic

Filing for service upon the following Filing Users in this matter:

Frank C. Razzano, Esq.
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
*Counsel for Defendant Pentagon Capital Management PLC*

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
*Counsel for Lewis Chester*

/s/
_____