UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,              08 Civ. 3324(RWS)

   -against-                            OPINION

PENTAGON CAPITAL MANAGEMENT PLC and
LEWIS CHESTER,

               Defendants,

   -and-

PENTAGON SPECIAL PURPOSE FUND, LTD.,

               Relief Defendant.

------------------------------------------X

A P P E A R A N C E S :

        Attorneys for Plaintiff

        SECURITIES AND EXCHANGE COMMISSION
        New York Regional Office
        3 World Financial Center, Suite 400
        New York, NY 10281
        By:  Paul G. Gizzi, Esq.
             Christopher J. Dunnigan, Esq.
             John C. Lehmann Jr., Esq.

        Attorneys for Defendants

        PEPPER HAMILTON LLP
        Hamilton Square
        600 Fourteenth Street, N.W.
        Washington, DC 20005-20004
        By:  Frank C. Razzano, Esq.
             Ivan B. Knauer, Esq.
             Matthew D. Foster, Esq.

**Sweet, D.J.**

Pepper Hamilton LLP ("Pepper Hamilton"), counsel for Defendant Pentagon Capital Management PLC ("PCM"), has moved to modify the restraining notice issued by the Plaintiff Securities and Exchange Commission ("SEC") to allow for fees and expenses or, in the alternative, to withdraw.  Based on the conclusions set forth below, the motion to modify the restraining notice is granted.

**Prior Proceedings**

Prior proceedings and the facts in this action are described in the opinions of this court, dated February 14, 2012 and February 10, 2009 granting judgment in favor of the SEC. See SEC v. Pentagon Capital Mgmt. PLC,  --- F. Supp. 2d ---, 2012 WL 479576 (S.D.N.Y. February 14, 2012); SEC v. Pentagon Capital Mgmt. PLC, 612 F. Supp. 2d 241 (S.D.N.Y. 2009).  A brief summary of the procedural background relevant to the instant motion follows:

On March 28, 2012, this Court entered a Final Judgment of over $98.6 million against the Defendants and Relief Defendant.  On April 25, 2012, Defendants filed a notice of

2

appeal.  This Court denied a subsequent motion by the Defendant
Lewis Chester ("Chester"), PCM, and Pentagon Special Purpose
Fund, Ltd.("PSPF") for a stay of execution without posting a
supersedeas bond in accordance with Rule 62 of the Federal Rules
of Civil Procedure.  Chester and PCM, but not PSPF, made a
motion to the Second Circuit for the same relief.  On May 23,
2012, the Second Circuit denied the motion. (Dunnigan Decl., Ex.
1).

On June 7, 2012, the SEC served a restraining notice
pursuant to New York Civil Practice Law and Rules § 5222 on
Chester, PCM and PSPF, as well as post-judgment document
requests.  On June 12, 2012, the SEC propounded interrogatories
to PCM and PSPF.  On June 13, 2012, the SEC propounded
interrogatories to Chester.  These discovery requests were
served on Pepper Hamilton, counsel for PCM, Chester, and PSPF.
On June 28, 2012, after service of the restraining notice and
interrogatories, PCM filed for administration in the United
Kingdom (Def. Memo at 3).

On July 5, 2012, Squire Sanders (UK) LLP, the U.K.
counsel for the Administrators, sent letters to both Pepper
Hamilton and the SEC.  In the first letter (the "Pepper Hamilton

Letter"), the Administrators agreed to let Pepper Hamilton keep a flat fee paid to it on February 17, 2012, and agreed to underwrite additional expenses for Chester and PCM's appeal to the Second Circuit. However, the Administrator instructed Pepper Hamilton not to respond to the pending discovery requests. (Knauer Decl., Ex. 1, pgs. 2-3).


In the Administrators' second letter (the "SEC Letter"), the Administrators informed the SEC that "Pentagon has entered administration because it is insolvent and there are very limited funds in the administration estate to enable the Company to be involved in the Post-Judgment Proceedings." (Dunnigan Decl. Ex. 5, pg. 3). The Administrators also informed the SEC that they viewed the SEC's United States based judgment as unenforceable outside the United States unless it was domesticated in the U.K.


On July 5, 2012, Pepper Hamilton sent a letter to this Court asking to be relieved as counsel for PCM and PSPF. On July 9, 2012, counsel for the Administrators sent a further letter to Pepper Hamilton, stating that PCM would no longer pay

4

for any of PSPF's legal costs. (Knauer Decl. Ex. 1).  On July 25, 2012, Pepper Hamilton's request to withdraw was denied.

After the Court denied Pepper Hamilton's motion to withdraw, counsel for the parties corresponded regarding the effect of the SEC's restraining notice on Pepper Hamilton's continuing representation of its clients.  On August 21, 2012, counsel proposed the following:

- Pepper Hamilton can continue to draw down the flat fee while representing the administrators for PCM and Chester in the appeal to the Second Circuit;

- Pepper Hamilton can charge the administrators for PCM the reasonable expenses incurred incident to the appeal; and

- Pepper Hamilton can charge the administrators for an hourly basis for the fees and expenses incurred in representing the administrators for PCM in the post-judgment discovery process in the Southern District of New York.  This amount is initially capped at $25,000 and, if necessary, [Pepper Hamilton would] be in contact with [the SEC] when the bills reach[ed] this amount so that [they could] agree on another capped amount.

(Pepper Hamilton's Exhibit A ("Ex. A"), E-mail from M. Foster to C. Dunnigan (Aug. 27, 2012).)  The SEC responded the same day, indicating that it agreed to the three requests, "reserving the SEC's right to take a different position at a later time . . . ." (Ex. B, E-mail from C. Dunnigan to M. Foster (Aug. 27,

2012).)  The parties' agreement allowed Pepper Hamilton to continue to receive payment for its work for PCM and Chester on the appeal and for PCM in post-judgment proceedings in this Court, without any substantive limitation on the legal representation aside from the monetary cap on the post-judgment representation.

Following this Court's decisions, the restraining notice and the parties' agreement, Chester replaced Pepper Hamilton with Seyfarth Shaw LLP ("Seyfarth Shaw").  The SEC agreed to allow Seyfarth Shaw to incur legal fees up to $25,000 on behalf of Chester to deal with post-judgment discovery without violating the restraining notice.

On August 8, 2013, the Second Circuit issued its decision, affirming in part and vacating and remanding in part the Court's ruling.  See SEC v. Pentagon Capital Mgmt., PLC, et al., 725 F.3d 279, 287 (2d Cir. 2013) (Vacating penalty award in light of the Supreme Court's decision in Gabelli v. SEC, 133 S Ct. 1216 (2013) and with regard to the imposition of joint and several liability of the penalty upon Defendants).  Pepper Hamilton sought the SEC's permission to receive a new retainer from PCM from which the attorneys would draw down for payment of

fees incurred in preparing and filing a petition on PCM and

Chester's behalf for rehearing *en banc*, and to charge PCM's

administrators for reasonable expenses incurred in the

preparation and filing of such petition.  The SEC denied both

requests as violating the restraining notice.  The SEC stated

that it,

> [would] view any payments for attorneys' fees other
> than the reasonable costs to provide the pending
> requested discovery as violating the restraining
> notice. For the pending discovery, [the SEC requested
> that Pepper Hamilton] please provide an estimate of
> what it [would] cost to provide the discovery. [The
> Sec also stated it would] need to review the
> statement(s) before any payment [wa]s made. And to be
> clear, [the SEC] note[d] that the cost of any possible
> objection to the pending requests will not be
> permitted - only the costs of providing the requested
> discovery [would the SEC] view as not violating the
> restraining notice.

(Ex. E., E-mail from P. Gizzi to M. Foster (Sep. 6, 2013).)  On

September 4, 2013, the SEC again requested from Pepper Hamilton

an estimate of how much in fees would be necessary to respond to

the SEC's August 9 discovery requests.  To date, Pepper Hamilton

has not provided an estimate of its post-judgment fees.

Seyfarth Shaw, counsel for Chester, has accumulated

$32,000 in legal fees to date, which is $7,000 in excess of the

SEC's allotted amount, and seeks an additional $3,000 to deal

with outstanding document production issues.  Seyfarth Shaw is

7

currently being paid by Chester personally.  By e-mail on
September 6, 2013, the SEC agreed that Seyfarth Shaw may be paid
an additional $3,000 to complete document discovery and to
represent Chester at his deposition.  The SEC has refused to
agree to the payment of $7,000 in excess of the previously
agreed-upon $25,000.[1]

On September 13, 2013, Pepper Hamilton filed this
motion before the Court seeking an order either modifying the
restraining notice to allow Pepper Hamilton to represent PCM in
the *en banc* and potential subsequent *certiorari* petitions and
without limitation in the post-judgment discovery requests, or
alternatively granting Pepper Hamilton leave to withdraw as
counsel for PCM.  Its motion was heard and marked fully
submitted on October 16, 2013.

**The Applicable Standard**

*A.  CPLR § 5240*

Under CPLR § 5240, a Court "may at any time, on its
own initiative or the motion of any interested person, and upon

---

[1] It is unclear which, if any, counsel will represent Chester in the District
Court. No memorandum or motion on behalf of Chester with respect to the
instant motion has been submitted.

such notice as it may require, make an order denying, limiting,
conditioning, regulating, extending or modifying the use of any
enforcement procedure." NY CLS CPLR § 5240.  "CPLR 5240 is an
omnibus section empowering the court to exercise broad powers
over the use of enforcement procedures."  Paz v. Long Island
R.R., 661 N.Y.S.2d 20, 22 (N.Y. App. Div. 2d Dep't 1997).

This section further "authorizes modification or
preclusion of any enforcement procedure otherwise provided for
in Article 52," including CPLR 5222 restraining notice.  See
McLoughlin v. Altman, No. 92 Civ. 8106, 1997 U.S. Dist. LEXIS
11413, *9-10 (S.D.N.Y. Aug. 7, 1997); see also Cruz v. TD Bank,
N.A., 711 F.3d 261, 269-70 (2d Cir. 2013) (CPLR 5240 is a "broad
mechanism for relief").

B. *Local Civil Rule 1.4*

Local Civil Rule 1.4, an "attorney who has appeared as
attorney of record for a party may be relieved or displaced only
by order of the Court and may not withdraw from a case without
leave of the Court granted by order."  Local Civ. R. 1.4.  "Such
an order may be granted only upon a showing by affidavit or
otherwise satisfactory reasons for withdrawal or displacement
and the posture of the case. . . ."  Id.  Thus, a court

9

considers two issues in determining a motion to withdraw as
counsel, "the reasons for withdrawal and the impact of the
withdrawal on the timing of the proceeding." Karimian v. Time
Equities, Inc., No 10-3773 (AKH)(JCF), 2012 WL 1900092, at *2
(S.D.N.Y. May 11, 2011).


        In making its determination, it is well-settled that a
court has "considerable discretion in deciding a motion for
withdrawal of counsel." Id.; Spadola v. N.Y.C. Transit Auth.,
No. 00-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002).  In
considering a motion for leave to withdraw, a court may consider
the "protracted history of the litigation" when deciding whether
or not to permit counsel to withdraw. SEC v. Great American
Technologies, Inc., No. 07-10694, 2009 WL 4885153, at *5
(S.D.N.Y. Dec. 15, 2009).  In addition, courts have allowed
withdrawal based on non-payment. See Promotica of America, Inc.
v. Johnson Grossfield, Inc., No. 98-7414, 2000 WL 424184, at *1
(S.D.N.Y. April 18, 2000) ("It is well-settled that nonpayment
of fees is a valid basis for the Court to grant counsel's motion
to withdraw. . . ."); Emile v. Browner, No. 95-3836, 1996 WL
724715, at *1 (S.D.N.Y. Dec. 17, 1996) ("When a client fails to
pay legal fees, fails to communicate or cooperate with the
attorney, . . . and the attorney-client relationship has broken

10

down, these are more than sufficient reasons for counsel to be relieved.").

## The Motion to Modify the Restraining Notice to Allow Specified Counsel Fees is Granted

Pepper Hamilton has sought the modification of the restraining notice under CPLR § 5240 with respect to attorney fees to permit representing PCM in any further appellate litigation, including filing an *en banc* rehearing petition, filing a petition for Supreme Court review, and in the post-judgment proceedings before this court.  Preventing payment of these fees, according Pepper Hamilton, unjustly allows the SEC to use the restraining notice to dictate the rights and best interests of PCM, and prevents PCM from having a full and fair opportunity to pursue appellate review and to protect its rights in the post-judgment proceedings.

The SEC does not dispute that its position seeks to preclude PCM from pursuing further appellate review or adequately responding to the post-judgment document requests. The SEC insists that (1) such review would be futile; (2) CPLR § 5222 does not create a statutory exemption for attorney fees; and (3) CPLR § 5240 does not create any substantive rights for

the judgment debtor or any third party and as such cannot be
used to modify the restraining notice.  (SEC Memorandum in
Opposition, "Sec. Opp."; at 3-5.)


          The SEC is correct both that CPLR § 5240 does not
create substantive rights and that CPLR § 5222 does not allow a
statutory exemption for attorney fees.  This does not, however,
prevent district courts from modifying restraining notices
pursuant to CPLR § 5240 to prevent harsh or unjust results.
While CPLR § 5240 is a New York state procedural rule, Federal
Rule of Civil Procedure 69 provides that "[t]he procedure on
execution [of a federal judgment for money damages]—and in
proceedings supplementary to and in aid of judgment or
execution—must accord with the procedure of the state where the
court is located."  See AXA Versicherung AG v. New Hampshire
Ins. Co., 2013 WL 1790719, at *3 (S.D.N.Y. Apr. 22, 2013).
Restraining notices relating to underlying judgments have been
found to be "unquestionabl[y] supplementary to and in aid of
judgment or execution" and as such within the purview of
District Courts.  Id.; see also Karaha Bodas Co., LLC. v.
Perusahaan Pertambangan Minyak Dan Gas Dumi Negara, 313 F.3d 70
(2d Cir. 2002) (upholding a district order's modification of a
restraining notice pursuant to CPLR § 5240).  Courts in this

12

Circuit have therefore determined that "[j]urisdiction to hear
ancillary disputes relating to execution and enforcement of
judgments is an inherent part of a court's jurisdiction over the
underlying case.  As the Second Circuit recently reiterated,
'[p]rocess subsequent to judgment is as essential to
jurisdiction as process antecedent to judgment, else the
judicial power would be incomplete and entirely inadequate to
the purposes for which it was conferred by the constitution."
EM Ltd. v. Republic of Argentina, 695 F.3d 201, 208 (2d Cir.
2012) (quoting Riggs v. Johnson Cnty., 73 U.S. 166 (1867)).
Modifying the restraining notice at issue under CPLR § 5240 to
prevent unjust results is likewise within this Court's
discretion.

        The Second Circuit decision in Milgram v. Orthopedic
Assocs. Defined Contribution Pension Plan, 666 F.3d 68, 78 (2d
Cir. 2011), upon which the SEC relies, is not to the contrary.
In Milgram, the defendant moved under CPLR § 5240 to set aside
the judgment of a district court until the defendant had been
paid by a third party debtor.  The court held that CPLR § 5240
was a "state procedural rule" that provided no substantive
rights and therefore had no relevance to the federal proceeding
or its judgment.  This does not, though, prevent parties like

13

Pepper Hamilton and the defendants in AXA Verischerung AG and
Karaha Bodas Co., LLC., from using CPLR § 5240 as a procedural
mechanism  through which to vindicate certain rights restrained
by supplemental notices issued under NY CPLR § 5222.  See, e.g.,
AXA Versicherung AG, 2013 WL 1790719, at *3; Karaha Bodas Co.,
LLC., 313 F.3d at 72.  Indeed, in both AXA Versicherung AG and
Karaha Bodas Co., the district courts used their discretion
under CPLR § 5240 to modify restraining notices, not based on
the parties constitutional rights or statutorily exempt
categories, but as a procedural mechanism to prevent unjust
results from the notices issued under CPLR § 5222.  See, e.g.,
AXA Versicherung AG, 2013 WL 1790719, at *3 (modifying
restraining notice to allow defendant to vindicate its property
rights with respect to the interest rate embedded in the
judgment); Karaha Bodas Co., 313 F.3d at 80 (modifying a
restraining notice to account for only a percentage of the
amount previously mandated). The fact that attorney fees are not
a statutorily exempted category under CPLR § 5222 or that there
is no constitutional right to counsel in a civil proceeding does
not prevent a district court from modifying a restraining notice
in its discretion under CPLR § 5240 to prevent unjust results.
Indeed, CPLR § 5240 explicitly provides that a Court "may at any
time, on its own initiative or the motion of any interested

14

person, and upon such notice as it may require, make an order
denying, limiting, conditioning, regulating, extending or
modifying the use of any enforcement procedure." NY CLS CPLR §
5240; see also Paz v. Long Island R.R., 661 N.Y.S.2d 20, 22
(N.Y. App. Div. 2d Dep't 1997) ("CPLR 5240 is an omnibus section
empowering the court to exercise broad powers over the use of
enforcement procedures.").


        The SEC has cited Potter v. MacLean, 904 n.Y.S.2d 551,
553 (App. Div. 3rd Dep't 2010) as holding that New York law does
not recognize the right of a judgment debtor to use non-exempt
funds to pay counsel. (SEC Opp. at 4.)  Potter stands for no
such restriction.  In Potter, the defendant had an outstanding
maintenance obligation to his family of $33,000, but was
pursuing a divorce action for which he had an outstanding bill
to his attorneys for $15,000.  The collection unit, because of
his owed maintenance support, served a restraining notice on the
attorneys representing the defendant in his divorce action.  See
id.  The court held that restraining notices could be served on
the defendant's attorneys and that funds held for the purpose of
retaining an attorney were not included in the statutory list of
money and property exempt from restraint.  Id.  The court stated
that it was not "unmindful of the impact [its] decision [might]

15

have on defendant's ability to retain counsel," but noted that a
party in a matrimonial proceeding does not have a constitutional
right to counsel.  Id. In so deciding, the court clarified that
it reached this conclusion not to vacate the restraining notice
"solely upon the factual circumstances presented" and the
"emphasis placed upon a parent's duty to provide child support
for his or her children."  Id.  The court further explained that
it reached this conclusion "specifically [based on the] fact
that defendant ha[d] willfully violated his obligation to
provide financial support for his children" and did not cite any
broader general rule.  Id. at 553-54.


     The court in Potter chose to exercise its discretion
not to alter the restraining notice, and nothing that it was not
required to do so because the right in question was not a
constitutionally protected right does not bar this court's
discretion in light of the differing factual circumstances
presented.  Here, PCM cannot pursue further appellate review
unless it has the ability to appoint and compensate counsel.  It
is well-established that a corporation cannot represent itself
in a civil action.  See Jones v. Niagara Frontier Transp. Auth.,
722 F.2d 20, 22 (2d Cir. 1983) (stating that "it is established
that a corporation, which is an artificial entity that can only

16

act through agents, cannot proceed pro se."); see also

Brandstein v. White Lamps, Inc., 20 F. Supp. 369, 370 (S.D.N.Y.

1937) (noting that "[w]hile a corporation is a legal entity, it

is also an artificial one, existing only in the contemplation of

the law; it can do no act, except through its agents.").  Though

counsel is not a constitutionally protected right in a civil

case, perhaps regrettably (see Sweet, Civil "Gideon" and Justice

in the Trial Court (The Rabbi's Beard), 42 THE RECORD 915, 924

(Dec. 1997)), the SEC's position seeks to prevent PCM from

pursuing its administrator's wishes in continuing appellate

litigation and would deprive Pepper Hamilton of its independence

in its post-judgment representation.  Although the SEC has

contended that it would be a "waste" or "needless" for PCM to

pursue a continued litigation it is not the arbiter what is in

the best interest of the PCM estate, which is the responsibility

of PCM's administrators and counsel.  CPLR § 5240 provides

discretion to modify enforcement procedures to prevent harsh and

unfair results.  The specific factual circumstances presented

here would result in injustice if PCM were precluded from

pursuing appellate relief and adequately responding to the SEC's

post-judgment discovery requests.  As such, the restraining

notice will be modified to allow Pepper Hamilton to represent

17

PCM in the *en banc* rehearing and petitions, and without limitation in the post-judgment discovery issues.[2]

      As this Court has already determined, the amount and billing arrangements of fees is to be resolved by PCM, the administrators and Pepper Hamilton.  <u>See</u> <u>SEC v. Pentagon Capital Mgmt. PLC</u>, 2012 WL 3065981, at *3 (S.D.N.Y. July 25, 2012).

---

[2] Because Pepper Hamilton has only requested to withdraw as an alternative to compensation, the issue of withdrawal is rendered moot by this opinion and will not be addressed.

## Conclusion

Based upon the conclusions set forth above, the Pepper Hamilton's motion to modify the restraining notice with respect to the relevant fees is granted.

It is so ordered.

New York, NY
October /8, 2012

ROBERT W. SWEET
U.S.D.J.