UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------X
```

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,                    08 Civ. 3324(RWS)

     -against-                                    AMENDED OPINION

PENTAGON CAPITAL MANAGEMENT PLC and
LEWIS CHESTER,

                    Defendants,

     -and-

PENTAGON SPECIAL PURPOSE FUND, LTD.,

                    Relief Defendant.

```
-------------------------------------------X
```

A P P E A R A N C E S:

          Attorneys for Plaintiff

          SECURITIES AND EXCHANGE COMMISSION
          New York Regional Office
          3 World Financial Center, Suite 400
          New York, NY 10281
          By:  Paul G. Gizzi, Esq.
               Christopher J. Dunnigan, Esq.
               John C. Lehmann Jr., Esq.

          Attorneys for Defendants

          PEPPER HAMILTON LLP
          Hamilton Square
          600 Fourteenth Street, N.W.
          Washington, DC 20005-20004
          By:  Frank C. Razzano, Esq.
               Ivan B. Knauer, Esq.
               Matthew D. Foster, Esq.

                              1

**Sweet, D.J.**

Pepper Hamilton LLP ("Pepper Hamilton"), counsel for Defendant Pentagon Capital Management PLC ("PCM"), and Seyfarth Shaw LLP ("Seyfarth Shaw"), counsel for Lewis Chester, have moved to modify the restraining notice issued by the Plaintiff Securities and Exchange Commission ("SEC") to allow for respective fees and expenses or, in the alternative, to withdraw.  Based on the conclusions set forth below, PCM's motion to modify the restraining notice is granted and Seyfarth Shaw's motion for payment of outstanding legal fees is granted.

**Prior Proceedings**

Prior proceedings and the facts in this action are described in the opinions of this court, dated February 14, 2012 and February 10, 2009 granting judgment in favor of the SEC. See SEC v. Pentagon Capital Mgmt. PLC,  --- F. Supp. 2d ---, 2012 WL 479576 (S.D.N.Y. February 14, 2012); SEC v. Pentagon Capital Mgmt. PLC, 612 F. Supp. 2d 241 (S.D.N.Y. 2009).  A brief summary of the procedural background relevant to the instant motion follows:

2

On March 28, 2012, this Court entered a Final Judgment of over $98.6 million against the Defendants and Relief Defendant.  On April 25, 2012, Defendants filed a notice of appeal.  This Court denied a subsequent motion by the Defendant Lewis Chester ("Chester"), PCM, and Pentagon Special Purpose Fund, Ltd.("PSPF") for a stay of execution without posting a supersedeas bond in accordance with Rule 62 of the Federal Rules of Civil Procedure.  Chester and PCM, but not PSPF, made a motion to the Second Circuit for the same relief.  On May 23, 2012, the Second Circuit denied the motion. (Dunnigan Decl., Ex. 1).

On June 7, 2012, the SEC served a restraining notice pursuant to New York Civil Practice Law and Rules § 5222 on Chester, PCM and PSPF, as well as post-judgment document requests.  On June 12, 2012, the SEC propounded interrogatories to PCM and PSPF.  On June 13, 2012, the SEC propounded interrogatories to Chester.  These discovery requests were served on Pepper Hamilton, counsel for PCM, Chester, and PSPF. On June 28, 2012, after service of the restraining notice and interrogatories, PCM filed for administration in the United Kingdom (Def. Memo at 3).

On July 5, 2012, Squire Sanders (UK) LLP, the U.K.
counsel for the Administrators, sent letters to both Pepper
Hamilton and the SEC.  In the first letter (the "Pepper Hamilton
Letter"), the Administrators agreed to let Pepper Hamilton keep
a flat fee paid to it on February 17, 2012, and agreed to
underwrite additional expenses for Chester and PCM's appeal to
the Second Circuit.  However, the Administrator instructed
Pepper Hamilton not to respond to the pending discovery
requests. (Knauer Decl., Ex. 1, pgs. 2-3).


In the Administrators' second letter (the "SEC
Letter"), the Administrators informed the SEC that "Pentagon has
entered administration because it is insolvent and there are
very limited funds in the administration estate to enable the
Company to be involved in the Post-Judgment Proceedings."
(Dunnigan Decl. Ex. 5, pg. 3).  The Administrators also informed
the SEC that they viewed the SEC's United States based judgment
as unenforceable outside the United States unless it was
domesticated in the U.K.


On July 5, 2012, Pepper Hamilton sent a letter to this
Court asking to be relieved as counsel for PCM and PSPF.  On

4

July 9, 2012, counsel for the Administrators sent a further

letter to Pepper Hamilton, stating that PCM would no longer pay

for any of PSPF's legal costs. (Knauer Decl. Ex. 1).  On July

25, 2012, Pepper Hamilton's request to withdraw was denied.


        After the Court denied Pepper Hamilton's motion to

withdraw, counsel for the parties corresponded regarding the

effect of the SEC's restraining notice on Pepper Hamilton's

continuing representation of its clients.  On August 21, 2012,

counsel proposed the following:

- Pepper Hamilton can continue to draw down the flat fee
  while representing the administrators for PCM and
  Chester in the appeal to the Second Circuit;

- Pepper Hamilton can charge the administrators for PCM
  the reasonable expenses incurred incident to the
  appeal; and

- Pepper Hamilton can charge the administrators for an
  hourly basis for the fees and expenses incurred in
  representing the administrators for PCM in the post-
  judgment discovery process in the Southern District of
  New York.  This amount is initially capped at $25,000
  and, if necessary, [Pepper Hamilton would] be in
  contact with [the SEC] when the bills reach[ed] this
  amount so that [they could] agree on another capped
  amount.

(Pepper Hamilton's Exhibit A ("Ex. A"), E-mail from M. Foster to

C. Dunnigan (Aug. 27, 2012).)  The SEC responded the same day,

indicating that it agreed to the three requests, "reserving the

5

SEC's right to take a different position at a later time . . .
." (Ex. B, E-mail from C. Dunnigan to M. Foster (Aug. 27,
2012).)  The parties' agreement allowed Pepper Hamilton to
continue to receive payment for its work for PCM and Chester on
the appeal and for PCM in post-judgment proceedings in this
Court, without any substantive limitation on the legal
representation aside from the monetary cap on the post-judgment
representation.

On July 10, 2012, Chester replaced Pepper Hamilton
with Seyfarth Shaw.  On July 12, 2012, the SEC agreed to allow
Seyfarth Shaw to incur legal fees up to $25,000 on behalf of
Chester to deal with post-judgment discovery without violating
the restraining notice.

On August 8, 2013, the Second Circuit issued its
decision, affirming in part and vacating and remanding in part
the Court's ruling.  See SEC v. Pentagon Capital Mgmt., PLC, et
al., 725 F.3d 279, 287 (2d Cir. 2013) (Vacating penalty award in
light of the Supreme Court's decision in Gabelli v. SEC, 133 S
Ct. 1216 (2013) and with regard to the imposition of joint and
several liability of the penalty upon Defendants).  Pepper
Hamilton sought the SEC's permission to receive a new retainer

from PCM from which the attorneys would draw down for payment of
fees incurred in preparing and filing a petition on PCM and
Chester's behalf for rehearing *en banc*, and to charge PCM's
administrators for reasonable expenses incurred in the
preparation and filing of such petition.  The SEC denied both
requests as violating the restraining notice.  The SEC stated
that it,

> [would] view any payments for attorneys' fees other
> than the reasonable costs to provide the pending
> requested discovery as violating the restraining
> notice. For the pending discovery, [the SEC requested
> that Pepper Hamilton] please provide an estimate of
> what it [would] cost to provide the discovery. [The
> SEC also stated it would] need to review the
> statement(s) before any payment [wa]s made. And to be
> clear, [the SEC] note[d] that the cost of any possible
> objection to the pending requests will not be
> permitted - only the costs of providing the requested
> discovery [would the SEC] view as not violating the
> restraining notice.

(Ex. E., E-mail from P. Gizzi to M. Foster (Sep. 6, 2013).)  On
September 4, 2013, the SEC again requested from Pepper Hamilton
an estimate of how much in fees would be necessary to respond to
the SEC's August 9 discovery requests.  To date, Pepper Hamilton
has not provided an estimate of its post-judgment fees.

On September 4, 2013, Paul Gizzi ("Gizzi") of the
Commission communicated by e-mail that the SEC would object to
the payment of any attorneys' fees by Chester other than limited

fees to respond to the most recent discovery requests issued by the Commission. (Seyfarth Shaw, Notice of Motion, "Shaw Mem."; ¶ 3.) Seyfarth Shaw, counsel for Chester, has accumulated $32,000 in legal fees to date, which is $7,000 in excess of the SEC's allotted amount, and seeks an additional $3,000 to deal with outstanding document production issues. On September 6, 2013, Seyfarth Shaw notified Gizzi that it was owed this $7,000 for the representation of Chester in connection with the appeal and discovery responses. Seyfarth Shaw is currently being paid by Chester personally. By e-mail on September 6, 2013, the SEC agreed that Seyfarth Shaw may be paid an additional $3,000 to complete document discovery and to represent Chester at his deposition. The SEC has refused to agree to the payment of $7,000 in excess of the previously agreed-upon $25,000.[1]

On September 13, 2013, Pepper Hamilton moved for an order either modifying the restraining notice to allow Pepper Hamilton to represent PCM in the *en banc* and potential subsequent *certiorari* petitions and without limitation in the post-judgment discovery requests, or alternatively granting Pepper Hamilton leave to withdraw as counsel for PCM. On

---

[1] It is unclear which, if any, counsel will represent Chester in the District Court.

8

September 17, 2013, Seyfarth Shaw moved for an order to permit
payment of the outstanding legal fees or in the alternative that
it be allowed to withdraw as counsel.  Both motions were heard
and marked fully submitted on October 16, 2013.

**The Applicable Standard**

     *A.  CPLR § 5240*

     Under CPLR § 5240, a Court "may at any time, on its
own initiative or the motion of any interested person, and upon
such notice as it may require, make an order denying, limiting,
conditioning, regulating, extending or modifying the use of any
enforcement procedure." NY CLS CPLR § 5240.  "CPLR 5240 is an
omnibus section empowering the court to exercise broad powers
over the use of enforcement procedures." Paz v. Long Island
R.R., 661 N.Y.S.2d 20, 22 (N.Y. App. Div. 2d Dep't 1997).

     This section further "authorizes modification or
preclusion of any enforcement procedure otherwise provided for
in Article 52," including CPLR 5222 restraining notice.  See
McLoughlin v. Altman, No. 92 Civ. 8106, 1997 U.S. Dist. LEXIS
11413, *9-10 (S.D.N.Y. Aug. 7, 1997); see also Cruz v. TD Bank,

N.A., 711 F.3d 261, 269-70 (2d Cir. 2013) (CPLR 5240 is a "broad
mechanism for relief").


      B. *Local Civil Rule 1.4*

      Local Civil Rule 1.4, an "attorney who has appeared as
attorney of record for a party may be relieved or displaced only
by order of the Court and may not withdraw from a case without
leave of the Court granted by order." Local Civ. R. 1.4. "Such
an order may be granted only upon a showing by affidavit or
otherwise satisfactory reasons for withdrawal or displacement
and the posture of the case. . . ." Id. Thus, a court
considers two issues in determining a motion to withdraw as
counsel, "the reasons for withdrawal and the impact of the
withdrawal on the timing of the proceeding." Karimian v. Time
Equities, Inc., No 10-3773 (AKH)(JCF), 2012 WL 1900092, at *2
(S.D.N.Y. May 11, 2011).


      In making its determination, it is well-settled that a
court has "considerable discretion in deciding a motion for
withdrawal of counsel." Id.; Spadola v. N.Y.C. Transit Auth.,
No. 00-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002). In
considering a motion for leave to withdraw, a court may consider
the "protracted history of the litigation" when deciding whether

10

or not to permit counsel to withdraw.  SEC v. Great American
Technologies, Inc., No. 07-10694, 2009 WL 4885153, at *5
(S.D.N.Y. Dec. 15, 2009).  In addition, courts have allowed
withdrawal based on non-payment.  See Promotica of America, Inc.
v. Johnson Grossfield, Inc., No. 98-7414, 2000 WL 424184, at *1
(S.D.N.Y. April 18, 2000) ("It is well-settled that nonpayment
of fees is a valid basis for the Court to grant counsel's motion
to withdraw. . . ."); Emile v. Browner, No. 95-3836, 1996 WL
724715, at *1 (S.D.N.Y. Dec. 17, 1996) ("When a client fails to
pay legal fees, fails to communicate or cooperate with the
attorney, . . . and the attorney-client relationship has broken
down, these are more than sufficient reasons for counsel to be
relieved.").


**The Motion to Modify the Restraining Notice to Allow Specified
Counsel Fees is Granted**

           Pepper Hamilton has sought the modification of the
restraining notice under CPLR § 5240 with respect to attorney
fees to permit representing PCM in any further appellate
litigation, including filing an en banc rehearing petition,
filing a petition for Supreme Court review, and in the post-
judgment proceedings before this court.  Preventing payment of
these fees, according Pepper Hamilton, unjustly allows the SEC

11

to use the restraining notice to dictate the rights and best interests of PCM, and prevents PCM from having a full and fair opportunity to pursue appellate review and to protect its rights in the post-judgment proceedings.

The SEC does not dispute that its position seeks to preclude PCM from pursuing further appellate review or adequately responding to the post-judgment document requests. The SEC insists that (1) such review would be futile; (2) CPLR § 5222 does not create a statutory exemption for attorney fees; and (3) CPLR § 5240 does not create any substantive rights for the judgment debtor or any third party and as such cannot be used to modify the restraining notice.  (SEC Memorandum in Opposition, "Sec. Opp."; at 3-5.)

The SEC is correct both that CPLR § 5240 does not create substantive rights and that CPLR § 5222 does not allow a statutory exemption for attorney fees.  This does not, however, prevent district courts from modifying restraining notices pursuant to CPLR § 5240 to prevent harsh or unjust results. While CPLR § 5240 is a New York state procedural rule, Federal Rule of Civil Procedure 69 provides that "[t]he procedure on execution [of a federal judgment for money damages]—and in

12

proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." See AXA Versicherung AG v. New Hampshire Ins. Co., 2013 WL 1790719, at *3 (S.D.N.Y. Apr. 22, 2013). Restraining notices relating to underlying judgments have been found to be "unquestionabl[y] supplementary to and in aid of judgment or execution" and as such within the purview of District Courts. Id.; see also Karaha Bodas Co., LLC. v. Perusahaan Pertambangan Minyak Dan Gas Dumi Negara, 313 F.3d 70 (2d Cir. 2002) (upholding a district order's modification of a restraining notice pursuant to CPLR § 5240).

It has been held in this Circuit that "[j]urisdiction to hear ancillary disputes relating to execution and enforcement of judgments is an inherent part of a court's jurisdiction over the underlying case. As the Second Circuit recently reiterated, '[p]rocess subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the constitution." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 208 (2d Cir. 2012) (quoting Riggs v. Johnson Cnty., 73 U.S. 166 (1867)). Modifying the restraining notice at issue under CPLR § 5240 to

13

prevent unjust results is likewise within this Court's
discretion.

The Second Circuit decision in Milgram v. Orthopedic
Assocs. Defined Contribution Pension Plan, 666 F.3d 68, 78 (2d
Cir. 2011), upon which the SEC relies, is not to the contrary.
In Milgram, the defendant moved under CPLR § 5240 to set aside
the judgment of a district court until the defendant had been
paid by a third party debtor.  The court held that CPLR § 5240
was a "state procedural rule" that provided no substantive
rights and therefore had no relevance to the federal proceeding
or its judgment.  This does not, though, prevent parties like
Pepper Hamilton and the defendants in AXA Verischerung AG and
Karaha Bodas Co., LLC., from using CPLR § 5240 as a procedural
mechanism  through which to vindicate certain rights restrained
by supplemental notices issued under NY CPLR § 5222.  See, e.g.,
AXA Versicherung AG, 2013 WL 1790719, at *3; Karaha Bodas Co.,
LLC., 313 F.3d at 72.  Indeed, in both AXA Versicherung AG and
Karaha Bodas Co., the district courts used their discretion
under CPLR § 5240 to modify restraining notices, not based on
the parties constitutional rights or statutorily exempt
categories, but as a procedural mechanism to prevent unjust
results from the notices issued under CPLR § 5222.  See, e.g.,

14

AXA Versicherung AG, 2013 WL 1790719, at *3 (modifying
restraining notice to allow defendant to vindicate its property
rights with respect to the interest rate embedded in the
judgment); Karaha Bodas Co., 313 F.3d at 80 (modifying a
restraining notice to account for only a percentage of the
amount previously mandated). The fact that attorney fees are not
a statutorily exempted category under CPLR § 5222 or that there
is no constitutional right to counsel in a civil proceeding does
not prevent a district court from modifying a restraining notice
in its discretion under CPLR § 5240 to prevent unjust results.
Indeed, CPLR § 5240 explicitly provides that a Court "may at any
time, on its own initiative or the motion of any interested
person, and upon such notice as it may require, make an order
denying, limiting, conditioning, regulating, extending or
modifying the use of any enforcement procedure." NY CLS CPLR §
5240; see also Paz v. Long Island R.R., 661 N.Y.S.2d 20, 22
(N.Y. App. Div. 2d Dep't 1997) ("CPLR 5240 is an omnibus section
empowering the court to exercise broad powers over the use of
enforcement procedures.").

     The SEC has cited Potter v. MacLean, 904 n.Y.S.2d 551,
553 (App. Div. 3rd Dep't 2010) as holding that New York law does
not recognize the right of a judgment debtor to use non-exempt

funds to pay counsel. (SEC Opp. at 4.)  However, in Potter, the
defendant had an outstanding maintenance obligation to his
family of $33,000, but was pursuing a divorce action for which
he had an outstanding bill to his attorneys for $15,000.  The
collection unit, because of his owed maintenance support, served
a restraining notice on the attorneys representing the defendant
in his divorce action.  See id.  The court held that restraining
notices could be served on the defendant's attorneys and that
funds held for the purpose of retaining an attorney were not
included in the statutory list of money and property exempt from
restraint.  Id.  The court stated that it was not "unmindful of
the impact [its] decision [might] have on defendant's ability to
retain counsel," but noted that a party in a matrimonial
proceeding does not have a constitutional right to counsel.  Id.
In so deciding, the court clarified that it reached this
conclusion not to vacate the restraining notice "solely upon the
factual circumstances presented" and the "emphasis placed upon a
parent's duty to provide child support for his or her children."
Id.  The court further explained that it reached this conclusion
"specifically [based on the] fact that defendant ha[d] willfully
violated his obligation to provide financial support for his
children" and did not cite any broader general rule.  Id. at
553-54.

16

The court in Potter chose to exercise its discretion
not to alter the restraining notice, and noting that it was not
required to do so because the right in question was not a
constitutionally protected right does not bar this court's
discretion in light of the differing factual circumstances
presented.  Here, PCM cannot pursue further appellate review
unless it has the ability to appoint and compensate counsel.  It
is well-established that a corporation cannot represent itself
in a civil action.  See Jones v. Niagara Frontier Transp. Auth.,
722 F.2d 20, 22 (2d Cir. 1983) (stating that "it is established
that a corporation, which is an artificial entity that can only
act through agents, cannot proceed pro se."); see also
Brandstein v. White Lamps, Inc., 20 F. Supp. 369, 370 (S.D.N.Y.
1937) (noting that "[w]hile a corporation is a legal entity, it
is also an artificial one, existing only in the contemplation of
the law; it can do no act, except through its agents.").  Though
counsel is not a constitutionally protected right in a civil
case, perhaps regrettably (see Sweet, Civil "Gideon" and Justice
in the Trial Court (The Rabbi's Beard), 42 THE RECORD 915, 924
(Dec. 1997)), the SEC's position seeks to prevent PCM from
pursuing its administrator's wishes in continuing appellate
litigation and would deprive Pepper Hamilton of its independence

17

in its post-judgment representation.  Although the SEC has
contended that it would be a "waste" or "needless" for PCM to
pursue a continued litigation it is not the arbiter what is in
the best interest of the PCM estate, which is the responsibility
of PCM's administrators and counsel.  CPLR § 5240 provides
discretion to modify enforcement procedures to prevent harsh and
unfair results.  The specific factual circumstances presented
here would result in injustice if PCM were precluded from
pursuing appellate relief and adequately responding to the SEC's
post-judgment discovery requests.  As such, the restraining
notice will be modified to allow Pepper Hamilton to represent
PCM in the *en banc* rehearing and petitions, and without
limitation in the post-judgment discovery issues.[2]

        As this Court has already determined, the amount and
billing arrangements of fees is to be resolved by PCM, the
administrators and Pepper Hamilton.  See SEC v. Pentagon Capital
Mgmt. PLC, 2012 WL 3065981, at *3 (S.D.N.Y. July 25, 2012).
With respect to the $7,000 at issue with Seyfarth Shaw in
connection with the representation of Chester, in view of the
prior agreements between the SEC and Chester, it is appropriate

---

[2] Because Pepper Hamilton has only requested to withdraw as an alternative to
compensation, the issue of withdrawal is rendered moot by this opinion and
will not be addressed.

that the $7,000 in outstanding legal fees be paid by Chester to Seyfarth Shaw.[3]

## Conclusion

Based upon the conclusions set forth above, the Pepper Hamilton's motion to modify the restraining notice with respect to the relevant fees is granted and payment of Seyfarth Shaw's fees is approved.

It is so ordered.

**New York, NY**
**October 29, 2012**

_____
ROBERT W. SWEET
U.S.D.J.

---

[3] Seyfarth Shaw's notice of motion has incorporated Pepper Hamilton's memorandum of law but does not address the issue of continuing appellate litigation with respect to Chester individually.   This Court modified the restraining notice in the interests of justice with respect to PCM in part because PCM, as a corporation, could not proceed with appellate review without an attorney.   See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (stating that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.")   Chester as an individual faces no such restriction, and may proceed pro se.   As such, the Court does not exercise its discretion to modify the restraining notice to allow Chester as an individual to pay counsel fees for further appellate review at this time.